UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 31 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JANICE WOLK GRENADIER,     )
                            )
    Plaintiff,              )
                            )
v.                          )     Civil Action No.  14-162
                            )
ILONA GRENADIER HECKMAN, et al., )
                            )
    Defendants.             )

## MEMORANDUM OPINION

The plaintiff describes herself as "the Victim of the . . . Defendants since October of 1985, and [of defendant Loretta Lax Miller] since May of 2013 when she began stalking . . . [the] Plaintiff." Complaint ("Compl.") ¶ 7. The plaintiff alleges that the defendants have committed unlawful and unethical acts in collusion with judges and state and county officials with respect to proceedings before the Virginia state courts, and otherwise have violated the plaintiff's right to due process because of the plaintiff's religion (Catholic). *See id.* ¶¶ 8-10. In addition, defendant Miller allegedly has stalked the plaintiff and hacked the plaintiff's computer. *Id.* ¶ 11. According to the plaintiff, the defendants have defamed her through email communications, and their "statements have forever ruined [the plaintiff's] reputation . . . and her ability to promote a family friendly child product." Emergency Restraining Order and Injunction at 2. Among other relief, *see* Compl. at 12, the plaintiff demands a temporary restraining order and a preliminary injunction requiring that the defendants "stop threatening [the] Plaintiff on the Internet and through emails." Emergency Motion on Restraining Order and Injunction Filed on January 22, 2014 to be Heard by a Judge As Soon As Possible – Due to Threating E-mail by

Agent of Defendant IGH at 2. She also demands that the Court "[h]ave removed immediately the blog jwgrenadierisaliar.blogspot." Emergency Restraining Order and Injunction at 12.

"The standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72-73 (D.D.C. 2007) (internal quotation marks and citation omitted). "To warrant preliminary injunctive relief, the moving party must show (1) a substantial likelihood of success on the merits, (2) that [she] would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citations omitted). The same showing must be made in order to obtain a temporary restraining order. *See Council of American-Islamic Relations v. Gaubatz*, 667 F. Supp. 2d 67, 74 (D.D.C. 2009) (citations omitted) (applying same standard to both temporary restraining order and preliminary injunction).

The plaintiff's submissions are so rambling and disorganized that the Court cannot identify a viable claim that can properly be adjudicated in this federal district court. The Court therefore concludes that the plaintiff fails to show a substantial likelihood on the merits. In such circumstances, "it would take a very strong showing with respect to the other preliminary injunction factors to turn the tide in [the plaintiff's] favor," *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 366 (D.C. Cir. 1999) (citation omitted). The plaintiff does not make the necessary showing because she fails to address the remaining three factors. Her motion for injunctive relief thus falls short of the applicable standard.

This Court has subject matter jurisdiction over claims arising under the Constitution, laws or treaties of the United States, *see* 28 U.S.C. § 1331, and over claims where the matter in controversy exceeds $75,000, and the suit is between citizens of different states, *see* 28 U.S.C. § 1332(a). Several of the plaintiff's claims are common law tort claims rather than federal claims. The plaintiff's reliance on 42 U.S.C. § 1983 is the sole basis for federal question jurisdiction, but her failure to adequately "allege the violation of a right secured by the Constitution and laws of the United States . . . that . . . was committed by a person acting under color of state law," *West v. Atkins,* 487 U.S. 42, 48 (1988), is fatal. With the exception of defendant Herring, none of the defendants is alleged to be a state official, and the plaintiff's vague and speculative assertions of a purported conspiracy among the defendants do not give rise to a state action for purposes of § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 155-56 (1970).

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Although the plaintiff demonstrates that she and certain defendants are residents of different states, she does not demonstrate complete diversity because at least two defendants also are Virginia residents. Because "diversity jurisdiction is not . . . available when any plaintiff is a citizen of the same State as any defendant," *id.*, this Court is deprived of subject matter jurisdiction on diversity grounds.

Insofar as the plaintiff complains of wrongdoing on the part of the Virginia courts, this Court has no authority to review, overturn, or otherwise affect their rulings. *See Richardson v. District of Columbia Court of Appeals,* 83 F.3d 1513, 1514 (D.C. Cir. 1996) ("[F]ederal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts.").

Accordingly, the Court will grant the plaintiff's application to proceed *in forma pauperis*, deny her motion for injunctive relief, and dismiss the complaint without prejudice.[1] An Order accompanies this Memorandum Opinion.

DATE: January 31, 2014

/s/ Reggie B. Walton
United States District Judge

---

[1] The plaintiff submitted a "2nd Request for Emergency Restraining Order and Injunction With Other Evidence" and exhibits on January 31, 2014. The Court construes the January 31, 2014 submission as a supplement to the motion that the plaintiff filed on January 24, 2014.